# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Nationstar Mortgage LLC dba Mr. Cooper,

Plaintiff

v.

Keynote Properties, LLC and Rancho Santa Fe Homeowners Association,

Defendants

Case No.: 2:18-cv-0762-JAD-VCF

**Order Granting Motion to Dismiss and Closing Case**

[ECF Nos. 24, 27]

In *SFR Investments Pool 1 v. US Bank*, the Nevada Supreme Court held that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust.[1] Nationstar Mortgage, the servicer for mortgages owned by the Federal National Mortgage Association (better known as Fannie Mae), brings this diversity action to determine the effect of the 2013 foreclosure sale of a home on which Fannie Mae claims a deed of trust securing a mortgage on the property. Nationstar sues Keynote Properties, LLC, who purchased the property at the foreclosure sale, seeking a declaration that the deed of trust survived the foreclosure,[2] primarily because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) shielded that interest from extinguishment.

The parties agree that Nationstar's claims are all quiet-title claims, but they disagree about which statute of limitations applies to them. Keynote argues that Nationstar's claims are governed by a four-year catch-all statute in NRS 11.220 and moves to dismiss them because

---

[1] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[2] Nationstar also sued the Rancho Santa Fe Homeowners Association, but those claims have been dismissed. ECF No. 18.

Nationstar waited nearly five years after the foreclosure sale to file this action.[3] Nationstar contends that the five-year deadline in NRS 11.070 or 11.080 instead governs, and it countermoves for summary judgment in its favor.[4] I agree with Keystone, find that Nationstar's claims are governed—and time barred—by NRS 11.220's four-year cutoff, and I dismiss this action with prejudice.

**Background**

Ruth Jenkins purchased the home at 2180 Pinetop Lane #204 in Las Vegas, Nevada, in 2005, with a mortgage from NFS Loans, Inc., secured by a deed of trust. Fannie Mae soon acquired ownership of that mortgage note and the deed of trust, but Fannie Mae went into conservatorship in 2008, and the deed of trust has been assigned several times, with Nationstar ultimately ending up as its record beneficiary as the servicer for Fannie Mae.[5] The home is located in the Rancho Santa Fe condominium project and subject to its constituent documents, which require the owners of units within this development to pay certain assessments.[6] When Jenkins fell behind on her assessments, the HOA commenced nonjudicial foreclosure proceedings on the home under Chapter 116 of the Nevada Revised Statutes. Keystone bought it at the foreclosure sale on July 24, 2013.[7]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[8] As the Nevada Supreme Court held in *SFR Investments Pool 1*

---

[3] ECF No. 24.
[4] ECF Nos. 26, 27.
[5] ECF No. 1 at 4–5.
[6] ECF No. 26-2.
[7] ECF No. 26-11 at 2.
[8] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

2

*v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[9] But the federal foreclosure bar in 12 U.S.C. 4617(j)(3) creates an exception to that rule. When Fannie Mae is the beneficiary of the deed of trust at the time of the foreclosure, and Fannie Mae is under the conservatorship of the Federal Housing Finance Agency, the deed of trust is not extinguished and instead survives the foreclosure sale unless Fannie Mae affirmatively relinquishes that interest.[10]

Nationstar pleads five causes of action, all seeking a declaration that Fannie Mae's deed of trust continues to encumber the property.[11] Both sides agree that these claims are equitable claims for quiet title.[12] As Nationstar succinctly describes the dispute teed up by Keystone's motion to dismiss, "the only issue is whether the quiet-title claim is subject to a five-year

---

[9] *SFR*, 334 P.3d at 419.

[10] *Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017); *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. May 17, 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

[11] ECF No. 1 at 15. Nationstar's sixth cause of action is entitled "injunctive relief," but injunctive relief is a remedy, not an independent claim for relief. So I do not count this sixth "cause of action" as an independent claim.

[12] *See* ECF No. 24 at 7 (wherein Keystone explains that Nationstar's suit is the type of "action 'seeking to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes'" that the Nevada Supreme Court recognized in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*, 366 P.3d 1105, 1111 (Nev. 2016)); ECF No. 26 at 10 (wherein Nationstar states that it "seeks equitable relief in the form of a judicial declaration that the Deed of Trust survived the HOA Sale and is superior to the interest, if any, acquired by Keynote after the HOA Sale."). These claims may also be characterized as claims under NRS 40.010, which essentially codified this equitable cause of action and permits an action "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. §40.010; *Shadow Wood*, 366 P.3d at 1110–1111 (quoting *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082 (Nev. 1916) ("there is practically no difference in the nature of the action under our statute and as it exists independent of statute.")).

3

limitation period under [NRS] §§ 11.070 and 11.080 or Nevada's four-year catch-all provision" in NRS 11.220.[13]

## Analysis

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[14] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[15]

Nationstar waited four years and ten months after the foreclosure sale to assert its equitable quiet-title claims. Keystone argues that these claims do not fit neatly under any of Nevada's statutes of limitations, so the court must apply the catch-all four-year deadline in NRS 11.220 and find this action time barred.[16] Nationstar contends that its quiet title claims enjoy a more generous five-year statutory period under NRS 11.070 or 11.080, making them timely, plus they are so plainly meritorious that the court should deny the motion to dismiss and enter summary judgment in Nationstar's favor.[17]

**A.    Nationstar's claims are equitable quiet-title claims.**

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[18] The general purpose of each of Nationstar's claims is to challenge the impact of the

---

[13] ECF No. 33 at 5.
[14] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).
[15] *Id.*
[16] ECF No. 24.
[17] ECF Nos. 26, 27.
[18] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

foreclosure sale on the deed of trust. This requested equitable relief makes Nationstar's claims the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[19] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[20]

**B.     Nationstar's quiet-title claims were time barred four years after the foreclosure sale.**

Nationstar argues that "the Ninth Circuit, Nevada Supreme Court, and courts in this District have now confirmed" that quiet-title actions are "subject to NRS 11.070 or NRS 11.080's five-year limitations period," making its claims timely.[21] Though some quiet-title claims in Nevada are governed by these statutory provisions, not all of them are. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the recovery of the possession thereof other than mining claims . . . ."[22] But Nationstar's is not an action for the recovery of property or possession of property. If Nationstar wins, it gets only a declaration that its lien remains on the property. So NRS 11.080 has no application to Nationstar's claims.

NRS 11.070 provides a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[23] Nationstar's claims do

---

[19] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[20] *Id*. at 1112.

[21] ECF No. 26 at 10.

[22] Nev. Rev. Stat. § 11.080.

[23] Nev. Rev. Stat. § 11.070.

not fall under NRS 11.070 because they are not founded upon title, rents, or services, but upon lien rights created by a deed of trust and further defined by federal statute (the federal foreclosure bar). Nor are Keynote's defenses founded on title; they're founded on NRS 116.3116(2) and its legal consequences as a result of the foreclosure sale. And although these claims and defenses impact or may impact title, they themselves are not founded upon title as NRS 11.080 requires. So Nationstar cannot claim the benefits of the liberal five-year limitations period in NRS 11.080 either.

Nationstar offers a thick string citation to more than a dozen cases in which other judges in this district have applied these five-year limitation periods to a wide swath of HOA-foreclosure-related claims.[24] It urges me to follow suit. With limited exceptions that do not apply here, trial-court opinions are not binding on other trial judges within this district,[25] and I do not find those orders persuasive. They contain no analysis of the language in these statutes or how it relates to an equitable quiet-title claim brought by a deed-of-trust beneficiary. At most, they reference other cases in which a court has offered the same unreasoned conclusion, primarily the Ninth Circuit's opinion in *Weeping Hollow Avenue Trust v. Spencer*[26] and its unpublished disposition in *Scott v. Mortgage Elec. Reg. Sys.*,[27] or the Nevada Supreme Court's

---

[24] *See* ECF No. 33 at 5–6 (collecting cases); *but see Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018) (holding that the four-year catchall limitation period in § 11.220 applies to quiet-title claims by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust).

[25] L.R. IA 7-3(f) ("A decision by one judge in this district is not binding on any other district judge . . . and does not constitute the rule of law in this district.").

[26] *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110 (9th Cir. 2016).

[27] *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015) (unpublished).

6

holding in *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*.[28] But even those underlying cases are materially distinguishable from this case because the claim that the court was analyzing in each was brought by a titleholder, not a lienholder like Nationstar. So, unlike Nationstar's claims, those were founded on title or sought to recover property, so they were plainly governed by the five-year statutes of limitation in NRS 11.070 and 11.080.

With no squarely applicable limitations statute for Nationstar's equitable quiet-title claims,[29] I am left with the catch-all four-year deadline in NRS 11.220, which states that "[a]n action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."[30] Because the foreclosure sale recorded on July 25, 2013, and this action was filed more than four years later on June 1, 2018, Nationstar's claims are time barred.

## Conclusion

IT IS THEREFORE ORDERED that Keystone's Motion to Dismiss **[ECF No. 24] is GRANTED, and all claims are DISMISSED** as time-barred.

IT IS FURTHER ORDERED that Nationstar Mortgage LLC's Countermotion for Summary Judgment **[ECF No. 27] is DENIED** as moot.

. . .

---

[28] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).

[29] I find, based on the plain language of NRS 11.070 and 11.080, that these statutes of limitation do not apply to Nationstar's claims. So, contrary to Nationstar's suggestion, *see* ECF No. 26 at 14, the question of which statute applies is not a "substantial question" that would justify giving Nationstar the benefit of the longer statutory period.

[30] Nev. Rev. Stat. §11.220.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: January 18, 2019

_____
U.S. District Judge Jennifer A. Dorsey